**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 16-259 |
| v. | ) ) | Filed: March 3, 2026 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |
| COMMON GROUND HEALTHCARE COOPERATIVE, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 17-877 |
| v. | ) ) | Filed: March 3, 2026 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |

**OPINION AND ORDER**

Before the Court is the Motion for Leave to File Motion for Attorneys' Fees from Class Counsel by objecting members of the Risk Corridors Non-Dispute Subclasses ("Objectors"). *See Health Republic* ECF No. 265; *Common Ground* ECF No. 283. Objectors argue that they should be permitted to file a fee request based on the substantial benefit they conferred on the Risk Corridors Non-Dispute Subclasses ("Non-Dispute Subclasses") by successfully advocating for the reduction of Class Counsel's fee request and for the payment of prejudgment interest, which resulted in the return of over $100 million to the Non-Dispute Subclasses. Class Counsel opposes the Motion, arguing that Objectors' fee request is untimely under Rule 23(h), or alternatively Rule 54(d)(2), of the Rules of the United States Court of Federal Claims ("RCFC"); that any fee award

for Objectors' counsel must be assessed against the common fund, which no longer exists; and that Objectors waived their right to seek fees by failing to raise their request in prior briefing related to unjust enrichment arguments.  For the reasons that follow, the Court **GRANTS** Objectors' Motion and directs the parties to continue briefing the merits of Objectors' fee request.

## I.  BACKGROUND

The present motion comes on the heels of an already protracted litigation regarding attorneys' fees in these two class action cases.  Indeed, the dispute over Class Counsel's fees, and associated prejudgment interest, has drawn on longer than the dispute over the Non-Dispute Subclasses' underlying claims.  By way of summary, on July 23, 2020, the Court issued an Order dividing the risk corridors class in each case into two subclasses—the Dispute Subclass and the Non-Dispute Subclass—and directing the Clerk of Court to enter final judgment under RCFC 54(b) for the Non-Dispute Subclasses.  *See* Order at 4–5, ECF No. 82.[1]  These judgments established the "common fund" in the instant cases.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 479 (1980) (explaining that a common fund exists where "each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf").  In the same order granting judgment, the Court established a schedule "pursuant to RCFC 23(h)" for briefing attorneys' fees: "Subclass counsel" was ordered to file a motion for fees by July 30, 2020, and any members of the Non-Dispute Subclasses had to "object or respond to the motion" by August 20, 2020.  *Id.* at 5.  Both Class Counsel and Objectors abided by these briefing deadlines.

---

[1] Because all the briefing, including Objectors' Motion for Leave to File Motion for Attorney's Fees from Class Counsel, and all the previous orders pertaining to Class Counsel's fee request in both cases is substantively the same, for ease of reference this opinion will cite only to the docket in *Health Republic* unless otherwise noted.

On September 16, 2021, the Court granted Class Counsel's original motion for a fee award of $184,848,671.67, or five percent of the Non-Dispute Subclasses' combined judgments (*i.e.*, the common fund). *See* Op. & Order at 27–28, ECF No. 138. Objectors appealed that decision; and on appeal, the Federal Circuit vacated the Court's initial awards. *Health Republic Ins. Co. v. United States*, 58 F.4th 1365, 1369–71 (Fed. Cir. 2023). On remand, the Court reduced the original fee awards by half, awarding Class Counsel $92,424,335.84, or 2.5 percent of the common fund. *See* Op. & Order at 29, ECF No. 224. Judgment was entered on the remand fee awards on October 18, 2024. *See* Rule 54(b) J., ECF No. 226 *as modified by* Corrected Rule 54(b) J., ECF No. 240. Because Class Counsel executed on the original fee award judgments and collected the full five-percent fee from the Claims Administrator, Class Counsel returned the difference in the fee awards—which was approximately $92.4 million—to the Claims Administrator on December 2, 2024, for distribution to the Non-Dispute Subclasses. *See* Notice of Compliance, ECF No. 243.

The Court's reduction of the fee awards on remand also raised the question of what amount of interest, if any, should be paid to the Non-Dispute Subclasses on the difference in the original and remand fee awards. Objectors did not raise the issue in their briefing related to Class Counsel's renewed fee request, even though they were notified in the early stages of the remand that Class Counsel had executed on the original fee-award judgments and that it committed to repay "the difference plus interest" if the Court ultimately reduced the awards. Class Counsel's Opp'n to Objectors' Mot. for Acct. & Disc. at 12, ECF No. 202. However, on November 15, 2024, shortly after the Court entered judgment on remand, Objectors moved to alter the judgments to add an award of prejudgment interest. *See* Objectors' Mot. to Am. J. to Include Prejudgment Interest, ECF No. 234. On June 3, 2025, the Court granted that motion, subject to the application of Class Counsel's alternative proposed interest rate, and awarded total prejudgment interest of

$10,002,502.20 to the Non-Dispute Subclasses.  *See* Op. & Order, ECF No. 253.  In compliance with that order, Class Counsel notified the Court on June 17, 2025, that it had transmitted the prejudgment interest amount to the Claims Administrator and that distribution to the Non-Dispute Subclasses was underway.   *See* Notice of Transmission of Interest Payments to Claims Administrator, ECF No. 256.  Neither party appealed the Court's attorneys' fee decision on remand or the decision awarding prejudgment interest.

On August 27, 2025, Class Counsel filed a Motion for Status Conference, advising that Objectors had communicated with Class Counsel regarding Objectors' forthcoming attorneys' fee request.  *See* ECF No. 261.  In the motion, Class Counsel stated that it believed Objectors' fee request was both "untimely and waived."  *Id.* at 3.  Class Counsel requested that the parties meet with the Court to "establish the correct procedures" for resolving Objectors' fee request.  *Id.* at 2–3.  The following day, Objectors responded to Class Counsel's motion and Class Counsel filed its reply.  On September 2, 2025, the Court denied Class Counsel's Motion for Status Conference and ordered Objectors to file a motion for leave to file their attorneys' fee request, which would allow the Court to resolve Class Counsel's threshold objections to the fee request with the benefit of full briefing.  *See* Order, ECF No. 264.

On September 4, 2025, Objectors filed such motion, attaching a copy of their Motion for Attorneys' Fees.  *See* ECF Nos. 265, 265-1.  Class Counsel filed a response on September 18, 2025, and Objectors filed a reply on September 25, 2025.  *See* Class Counsel's Opp'n to Mot. for Leave, ECF No. 266; Objectors' Reply, ECF No. 268.  The motion is now fully briefed and ripe for decision.

## II.  LEGAL STANDARDS

RCFC 23 permits the Court to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement" in a certified class action.  RCFC 23(h); *see also Moore v. United States*, 63 Fed. Cl. 781, 786 (2005) (attorneys' fee awards are "committed to the sound discretion of the court").  In common fund cases, such as this one, "a litigant or a lawyer . . . is entitled to reasonable attorney fees from the fund as a whole."  *Haggart v. Woodley*, 809 F.3d 1336, 1352 (Fed. Cir. 2016) (internal quotations and modifications omitted) (citing *Boeing*, 444 U.S. at 478).  Awarding attorneys' fees out of the common fund guarantees that each member of the class pays its fair share for class counsel's representation.  *See Boeing*, 444 U.S. at 478 (explaining that common fund fee awards avoid unjustly enriching parties that substantially benefited from, but only minorly contributed to, the suit); *see also Kane Cnty.*, *Utah v. United States*, 145 Fed. Cl. 15, 18 (2019) (describing "multi-factor test" used in "the assessment of the reasonableness of fee requests in common fund cases").

Typically, the Court applies Rule 23(h) to approve the fees requested by class counsel.  However, courts have approved fee awards to compensate counsel for members of the class who filed objections (for example, to a proposed class settlement) "if their actions increase[d] the fund or otherwise substantially benefit[ed] the class members."  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002); *see also Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012) ("Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation.").  The key question in such cases is whether counsel for objectors conferred a substantial benefit on the class.  *In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 746 (7th Cir. 2018) (reversing denial of fees to objector after finding that objector had conferred a large benefit on the class).

RCFC 23(h) sets forth the procedure for counsel in a class action to request reasonable attorneys' fees and nontaxable costs if certain requirements are met.  According to RCFC 23(h)(1):

> A claim for an award must be made by motion under RCFC 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets.  Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

RCFC 23(h)(1).  RCFC 54(d)(2), the rule that RCFC 23(h)(1) references, states that attorneys' fee requests must be made by motion "unless the substantive law requires those fees to be proved at trial as an element of damages."  RCFC 54(d)(2)(A).  It further directs such motions to be filed according to the following procedures:

> **(B)** *Timing and Contents of the Motion.*
> Unless a statute or a court order provides otherwise, the motion must:
> **(i)** be filed within 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G);
> **(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> **(iii)** state the amount sought; and
> **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

RCFC 54(d)(2)(B) (emphases in original).

## III.  DISCUSSION

Objectors seek leave to file their Motion for Attorneys' Fees, arguing that they conferred a substantial benefit on the Non-Dispute Subclasses and that their attorneys' fee request is timely under RCFC 54(d)(2).  *See generally* ECF No. 265.  They seek fees solely from the amount previously awarded to Class Counsel for attorneys' fees, not from the Non-Dispute Subclasses, and as such they argue that no advance notice of the fee request to subclass members is required. *See id.* at 9.  Class Counsel, on the other hand, characterizes Objectors' fee motion as a late-breaking request that they failed to preserve.  *See* ECF No. 266 at 5.  Class Counsel urges the Court to deny Objectors' motion for leave to file the fee request because, in its view, Objectors should have filed a fee request by the August 20, 2020 deadline to object to Class Counsel's original

attorneys' fee motion, or by October 21, 2020, when the judgments establishing the common fund became final and not appealable, or, at the latest, by December 20, 2024, when Objectors' filed the reply in support of their motion to alter the Court's remand fee-award judgments to include prejudgment interest. *See id.* at 8–9, 15–16. Class Counsel also opposes Objectors' fee request on the grounds that they seek an amount directly from counsel, not the common fund, and that their fee request is waived. *See id.* at 18–20.

Although the Court agrees with Class Counsel that Objectors could have and, arguably, should have given notice of their fee request at an earlier time during the years-long litigation over attorneys' fees, a plain reading of the relevant rules and orders, as well as the case law cited by the parties, does not convince the Court that Objectors' fee request is precluded as untimely or waived. Likewise, because Objectors are only seeking fees from the amount of the common fund previously awarded to Class Counsel, neither the distribution of the common fund nor the lack of class notice under RCFC 23(h) precludes Objectors from filing their motion for attorneys' fees at this late stage.

A.    **RCFC 54(d)(2) Controls Here Because the Court Did Not Specify a Deadline for Objectors to File a Fee Request.**

In this litigation, the only fee request deadlines that the Court set were directed at Class Counsel. All deadlines set for Objectors pertaining to the fee litigation were deadlines to object or respond to Class Counsel's fee requests, not for Objectors to file their own fee request. Because the Court did not specify a deadline under RCFC 23(h)(1) for Objectors to file their fee request, the operative timing rule is provided in RCFC 54(d)(2)(B).

RCFC 23(h)(1) mandates that a request for attorneys' fees be made under the procedures set forth in RCFC 54(d)(2). Although at first glance the timing provided in the two rules might seem to conflict—Rule 23(h)(1) directs parties to file a fee petition "at a time the court sets," while

Rule 54(d)(2) requires that parties file such a petition "within 30 days after the date of final judgment"—the rules cover two distinct scenarios.  That is, Rule 54(d)(2) specifies a default rule: "*unless* a statute or a court order provides otherwise . . . [,]" the party shall file its attorneys' fee motion within the 30-day period following final judgment.  RCFC 54(d)(2)(B) (emphasis added).  Rule 23(h)(1), in contrast, covers a scenario in which the court specifies a time for filing a fee award motion, which, when set, replaces the presumptive timing requirement in Rule 54(d)(2).  *See* 5 *Newberg & Rubenstein on Class Actions* § 15:13 (6th ed.).  Thus, "[a]bsent a specification of a fee time frame by the class action court [under Rule 23(h)(1)], Rule 54(d)(2)'s . . . rule appears to control the time for filing a fee petition."[2]

Class Counsel argues that the Court set a deadline under RCFC 23(h) for Objectors' fee request because the Court's order directing Class Counsel to file its original fee request by July 30, 2020, also set a deadline for Objectors to "object *or respond*" to that motion.  *See* ECF No. 266 at 14 (emphasis in original) (quoting ECF No. 82 at 5).  Class Counsel also emphasizes that, on remand, the order ruling on Objectors' Motion for Accounting and Limited Discovery required Objectors to "file their *response* to [Class Counsel's] renewed motions for approval of attorney's fees request by no later than March 5, 2024."  *Id.* at 15 (emphasis in original) (quoting ECF No. 210 at 17).  According to Class Counsel, Objectors' responses were "thus inherently required [to provide] notice of their fee request while Subclass members still had an opportunity to consider and respond."  *Id.*

---

[2] Although *Newberg and Rubenstein* examined the applicable Federal Rules of Civil Procedure ("FRCP"), rather than the RCFC, its reasoning is unaffected by the differences between FRCP 23(h) and 54(d) and RCFC 23(h) and 54(d).  *See Fisher v. United States*, 163 Fed. Cl. 178, 182 n.3 (2022) (noting "RCFC 23 is modeled largely on the comparable [FRCP 23]" and "[a]lthough there are some notable differences between RCFC 23 and FRCP 23 . . . the Court will consider the other federal courts' application of FRCP 23 persuasive when that reasoning is unaffected by these differences" (internal quotation marks omitted)).

The earlier scheduling order cited by Class Counsel was issued by Judge Sweeney before the cases were reassigned.  As such, the undersigned is not aware of the judge's subjective intent. But as Objectors point out, the Court's July 23, 2020 Order specified only that "Subclass counsel"[3] should file its fee request by July 30, 2020, not Objectors.  ECF No. 82 at 7.  Indeed, the order adopted the parties' proposal for further proceedings, which asked the Court to order "Class Counsel [to] file its petition for attorney's fees within 7 days of entry of judgment for the Non-Dispute Subclass," and "Non-Dispute Subclass members [to] file any objections or responses to Class Counsel's petition within 21 days of the filing of the fee petition."  Joint Mot. to Divide Class & Stip. for Entry of Partial J. at 6, ECF No. 80 (also permitting Class Counsel a final reply). There is no indication from the plain language that "responses" to Class Counsel's fee petition had to include any fee requests by objecting members' counsel.  Similarly, the Court's schedule on remand directed that only Class Counsel file a renewed attorneys' fee motion.  *See* ECF No. 210 at 17.  It never ordered Objectors themselves to file a motion for attorneys' fees by a particular date, and the Court did not contemplate that Objectors' response would include a fee request.

Contrary to Class Counsel's reading, it is generally not considered proper to include affirmative requests for relief in briefs that are solely responsive to another party's motion.  And reading in an implicit requirement that the objection or response to Class Counsel's fee request include any fee request for the objector would not have provided adequate notice to the class and the opportunity to respond, as Class Counsel suggests.  As a legal matter, a motion for fees in a class action to which the subclass members would have a right to respond must be filed before the deadline for objections, not contemporaneously with it.  *See* RCFC 23(h)(1)–(2); *see also Newberg*

---

[3] For the sake of clarity, the Court notes that "Subclass counsel" is indistinguishable from "Class Counsel" for the Risk Corridors Non-Dispute Subclasses.  The Court's July 23, 2020 Order used the term "Subclass counsel" likely because the order created the Non-Dispute Subclasses.

*& Rubenstein* § 15.13.  And as a practical matter, the Court's earlier order did not require that an objector give notice to the class of its objection or response.  Rather, any objections or responses by the class were to be served only on Class Counsel and filed as an attachment to Class Counsel's reply at the conclusion of briefing.  *See* ECF No. 82 at 5–6.  The briefing schedule issued on remand did not require notice to the class at all given the limited scope of the Circuit's directions for remand.  *See* ECF No. 189; *see also* ECF No. 210 at 17.

The wording of the relevant orders distinguishes the instant cases from Class Counsel's main case on this point, *Dennis v. Kellogg Co.*, No. 09-1786, 2014 WL 145150 (S.D. Cal. Jan. 13, 2014), *aff'd*, 628 F. App'x 510 (9th Cir. 2016).  There, the district court found the objectors' fee request untimely because the court had ordered the parties to submit "*all* motions for attorneys' fees and incentive awards" no later than 45 days prior to the final settlement approval hearing, and objectors submitted a fee request after that deadline.  *Id.* at *3 (emphasis in original).  The court explained that the 45-day deadline applied to both class counsel and objectors as the court would evaluate fee requests alongside the terms of the settlement agreement.  *See id.* at *2.  Consequently, the objectors waived their ability to seek fees by not doing so 45 days prior to the final settlement approval hearing.  *See id.*  Class Counsel attempts to apply that logic to this case to argue that the Court's deadlines for objections or responses to Class Counsel's fee petitions imposed an inherent requirement for Objectors to seek fees at the same time.  *See* ECF No. 266 at 14.  The scheduling orders directing the submission of fee petitions in the instant cases and *Dennis*, however, are simply not the same.  The scheduling order here specifically directed Class Counsel to file its fee request; unlike the order in *Dennis*, it did not say all motions for attorneys' fees had to be filed concurrently.  *See* ECF No. 82 at 7.

*Hershey v. ExxonMobil Oil Corp.*, 550 Fed. App'x 566 (10th Cir. 2013), another case on which Class Counsel relies, is equally unsupportive. In *Hershey*, the United States Court of Appeals for the Tenth Circuit upheld the lower court's determination that the objectors' fee request was, among other things, untimely. *See* 550 F. App'x at 573. On appeal, the objectors argued that their fee request was timely filed under both Rules 23(h) and 54(d). *Id.* According to the Circuit, after preliminarily approving the settlement, the district court set a September 7, 2012 deadline for attorneys' fee applications, and a September 21, 2012 deadline for objections to the settlement. *See id.* The objectors filed their fee application on September 21, 2012, a delay that the Tenth Circuit called "procedurally defective." *Id.* As the Circuit explained, the objectors could not "on the one hand, say their application was timely under Rule 23(h), but, on the other, say the district court's only Rule 23(h) deadline [September 7] did not apply to them." *Id.* (noting that the objectors did not posit an alternative Rule 23(h) deadline). Because the objectors' submission was filed on the deadline for objections, the trial judge treated it "as an objection to the settlement, rather than a Rule 23(h) motion." *Id.* (upholding district court's conclusion that, as an objection, the fee was improperly filed without sufficient evidentiary support).

Here, by contrast, Objectors do not contend that they timely complied with RCFC 23(h); rather, they assert that the Court never imposed a Rule 23(h) deadline for their fee motion. *See* ECF No. 265 at 6–7 (arguing that RCFC 54(d)(2), not RCFC 23(h)(1), controls). Class Counsel does not argue that the Rule 23(h) deadline for Class Counsel's fee motion applied to Objectors. *See* ECF No. 266 at 15 (denying that it "contend[s] Objectors had to seek fees on the same date as Class Counsel"). And *Hershey* seems to undermine Class Counsel's assertion that a deadline for an objection to a fee application is an inherent Rule 23(h) deadline for the objector's own fee

11

application.[4]  *See* 550 F. App'x at 573 (referring to the deadline to file a fee application as "the only Rule 23(h) deadline" applicable).

Because the Court did not set a deadline for Objectors' fee request, Class Counsel's argument that Objectors request is untimely under RCFC 23(h)(1) is without merit.  In the absence of the Court specifying a deadline for Objectors' fee request, RCFC 54(d)(2)(B) controls.

**B.    The Operative Judgment Is Class Counsel's Post-Appeal Fee Award Judgment.**

Having determined that the timing rule from RCFC 54(d)(2)(B)(i) applies to Objectors' attorneys' fee request, the Court must determine from which judgment Rule 54's 30-day period should run.  The Court concludes that the appropriate judgment here is Class Counsel's fee award judgment on remand, rather than the original common fund judgment.

RCFC 54(d)(2) requires the party moving for attorneys' fees to "specify the judgment . . . entitling the movant to the award."  RCFC 54(d)(2)(B)(ii).  Objectors state that they are seeking fees from Class Counsel's fee award judgment, not the common fund judgment.  *See* ECF No. 265 at 14.  Accordingly, the operative final judgment is the one approving Class Counsel's fee award.  *See id.* at 8.  Using this judgment as the operative judgment makes sense, Objectors argue, in light of the adversarial context in which class action attorneys' fees are determined, particularly where such fees are determined after the common fund is created.  *See Athey v. United States*, 149 Fed. Cl. 497, 506 (2020) ("Because fees are paid from the common fund, the relationship between class counsel and the Class transforms from a union of counsel and

---

[4] The other case Class Counsel relies on, *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010), is similarly unhelpful.  In *Lonardo*, the court denied the objector's request for leave to file an attorneys' fee request—a request that it included in its opposition to class counsel's motion for attorneys' fee.  706 F. Supp. 2d at 810–811.  The question of timeliness under Rule 23(h)(1) was not addressed by the Court.  Ultimately, the court granted the objector's motion for reconsideration and allowed him to seek fees in the interest of fairness, notwithstanding any timing issues.  *Id.* at 812 (awarding objector his requested fees "in light of the Court's broad discretion to determine attorneys' fee awards in class actions").

client aligned in advancing the client's interests, to both client and counsel competing for compensation from the limited funds in the common fund."), *aff'd*, No. 2020-2291, 2021 WL 4282593 (Fed. Cir. Sept. 21, 2021); *see also In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994) ("[T]he relationship between clients and counsel is adversarial in the fees context.").

Class Counsel takes a different view, arguing that the operative judgment is the original judgment issued on July 23, 2020, creating the common fund. *See* ECF No. 266 at 7–8. This is because the common fund is the "the only legally relevant touchpoint for Objectors' demand for a fee based on their attainment of an 'increase to the common fund.'" *Id.* at 9 (quoting *Rodriguez*, 688 F.3d at 658). Thus, in Class Counsel's view, if the timing of RCFC 54(d)(2) controls, Objectors "had to move for fees before at least October 21, 2020 (30 days after the July 23, 2020 judgments became final), or else waive the right to receive an award for such fees later on." *Id.* (internal citation omitted).

The procedural history of the attorneys' fee litigation in these cases, and the context in which the present fee request comes to the Court, helps resolve this difference in opinion between the parties as to what should be the operative judgment. As the cases cited by both Class Counsel and Objectors demonstrate, in the class settlement context, it is not atypical for both class counsel and objectors to seek fees concurrently based on an operative judgment approving settlement. *See, e.g.*, *Hershey*, 550 F. App'x at 573; *see also Lonardo*, 706 F. Supp. 2d at 810–11. Objectors admit that "generally speaking an objector's request for fees is adjudicated at the same time as class counsel's fees," but they note that this concurrent adjudication of fees is often because "most class actions settle." ECF No. 265 at 7. Nor is it atypical for courts to enforce the timing of Rule 54(d)(2) from the date of a judgment creating a common fund where the judgment "simultaneously

approved settlement[], awarded class counsel attorney fees, and established a plan of distribution to the classes." ECF No. 266 at 10 n.2 (citing *In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, 972–73 (9th Cir. 2007), and *Lerma v. Schiff Nutrition Int'l, Inc.*, No. 11-CV-1056-MDD, 2016 WL 804927, at *3 (S.D. Cal. Mar. 1, 2016)). But these cases do not announce a rule—or logically support one—requiring that objectors' fee applications are due concurrently with class counsel's fee applications in the context of a common fund created by a judgment on the merits, rather than a settlement, where the question of class counsel's fees is separately litigated.[5]

The posture here is different. In the settlement context, attorneys' fees are often part of the negotiation and settlement approval process in which the objectors participate. *See, e.g.*, *In re Veritas*, 496 F.3d at 967–68 (awarding lead counsel attorneys' fees of $6 million, reduced from the $8.1 million they were seeking, based on objections to the larger fee award). In the context of a judgment on the merits, however, attorneys' fees are typically litigated after the creation of the common fund. *See generally Boeing*, 444 U.S. at 478–80 (explaining and applying the common fund doctrine). Contrary to Class Counsel's argument, the litigation of Class Counsel's fee request was not divorced from the common fund simply because it proceeded after judgment on the merits. The amount awarded to Class Counsel was always intended to and did come from the common

---

[5] Indeed, in *In re Veritas*, the objector's objections resulted in further settlement negotiations prior to submitting the settlement agreement for approval by the court. 496 F.3d at 966. The court held that the objector was required to request attorneys' fees within Rule 54(d)(2)'s 14-day deadline after judgment was entered following final approval of the settlement agreement. *See id.* Since the settlement reflected the efforts of both class counsel and the objector, it made sense for any fee request to come after that judgment, which included both the relief afforded to the class and class counsel's fee award. *Id.* at 965–68. Similarly, in *Lerma*, the objector objected to the terms of the proposed settlement. 2016 WL 804927, at *1. The court held that the objector's fee request, submitted three months after the entry of judgment, was untimely under Rule 54(d)(2). *Id.* at *3. The *Lerma* court defined the date of judgment as the date on which the court entered its order granting final approval of the settlement, which included the award of attorneys' fees to class counsel. *See id.*

fund, and any decrease in the requested fee (either initially or on remand) would necessarily increase the common fund available for distribution to the Non-Dispute Subclasses at the conclusion of the fee litigation.

This is precisely what happened here. The Court entered judgment for the Non-Dispute Subclasses on July 23, 2020, but the litigation of Class Counsel's attorneys' fees request proceeded separately and drew on for nearly five years beyond that initial judgment. During the pendency of the original fee motion, the requested fee (*i.e.*, five percent of the common fund) was retained by the Claims Administrator until the Court issued a fee award decision. The benefit that Objectors conferred on the Non-Dispute Subclasses through their objections was ultimately reflected in the October 18, 2024 judgment reducing Class Counsel's attorneys' fee award on remand and the June 3, 2025 order amending that judgment to include prejudgment interest. As a result, Class Counsel returned the difference in the fee awards plus interest to the common fund for distribution.

A similar scenario occurred in *In re Optical Disk Drive Product Antitrust Litigation*, No. 10-md-2143, 2021 WL 4124159 (N.D. Cal. Sept. 9, 2021). There, after an objector successfully appealed a class action attorneys' fee award to the Ninth Circuit, the district court reduced the fee award following a renewed motion on remand. *Id.* at *1. Fourteen days after the court's order on remand, the objector filed its own attorneys' fee motion pursuant to the district court's local rule incorporating the timing requirement of FRCP 54(d)(2)(B). *See* Erwin's Mot. for Att'y Fees at 6, *In re Optical Disk Drive Prod. Antitrust Litig.*, No. 10-md-2143 (July 16, 2021), ECF No. 3042 ("The result of Erwin's objections and appeals is thus an increase of the fund to be distributed to the class by $21,827,042. Accordingly, pursuant to Local Rule 54-5, Erwin files this memorandum in support of his accompanying motion for attorneys' fees.").

As in *Optical Disk Drive*, this Court's remand fee-award judgment was "the judgment . . . entitling" Objectors to seek their own fee award.  RCFC 54(d)(2)(B)(ii).  The touchpoint for that judgment, no less than for a fee award included in a settlement judgment, was the common fund.  As such, the operative judgment is Class Counsel's remand fee-award judgment.

### C.    Because Class Counsel's Remand Fee Award Judgment Became Final After the Court Resolved Objectors' RCFC 59(e) Motion, Objectors' Fee Request is Timely.

To conclude whether Objectors' fee request is timely, the Court must lastly determine when Class Counsel's fee award judgment became final.  Objectors argue that the operative judgment became final once the time for appeal expired on the Court's order altering the fee award to include prejudgment interest.  *See* ECF No. 265 at 8.  Class Counsel contends, in another alternative argument, that Objectors had to "identify the fact of their fee request" in that post-judgment motion.  ECF No. 266 at 15–16.

Unlike FRCP 54(d)(2)(B), which requires the filing of a fee request within 14 days after the entry of judgment, RCFC 54(d)(2)(B) directs fee requests "to be filed . . . within 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G)."  That statutory provision, which is found in the Equal Access to Justice Act ("EAJA"), defines "final judgment" as "a judgment that is final and *not* appealable, and includes an order of settlement."[6]  28 U.S.C. § 2412(d)(2)(G) (emphasis added).  "A judgment is 'not appealable' in EAJA terms after the time for filing an appeal has elapsed."  *Impresa Construzioni Geom. Domenico Garufi v. United States*,

---

[6] EAJA authorizes the award of attorney's fees and other expenses to certain parties who prevail against the federal government in judicial proceedings when the government's position is not substantially justified.  *See* 28 U.S.C. §§ 2412(a), (d).  Departing from its FRCP counterpart, RCFC 54(d)(2) references EAJA "[b]ecause the allowance of attorneys' fees and costs in this court is almost always determined under the provisions of [EAJA]."  RCFC 54, Rules Committee Notes—2002 Revision.  The rule does not state an alternative timeframe or exception for fee requests that, like here, are not premised on EAJA.

531 F.3d 1367, 1369 (Fed. Cir. 2008); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "Under Federal Rule of Appellate Procedure 4, if a party files a motion to alter or amend a judgment under Rule 59(e), the time for filing an appeal runs from the date on which the district court resolves that motion, not the date of the judgment that is the subject of the motion." *Brown v. Loc. 58, Int'l Bhd. of Elec. Workers, AFL-CIO*, 76 F.3d 762, 767 (6th Cir. 1996); *see Kraft, Inc. v. United States*, 85 F.3d 602, 604 (Fed. Cir. 1996) (explaining that Rule 4 "provides for a tolling and restarting of the time for appeal where a party makes . . . a timely Rule 59 motion to alter or amend a judgment").

Here, the Court entered judgment on October 18, 2024, reducing Class Counsel's fee award to 2.5 percent of the common fund. ECF No. 226, *as modified by* ECF No. 240. On November 15, 2024, Objectors timely filed a Motion to Alter Judgment to Include Prejudgment Interest. *See* ECF No. 234. That motion suspended the appeal period for Class Counsel's remand fee-award judgment. *See Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 316–17 (6th Cir. 2015) (holding that, when a party files a Rule 59(e) motion, "the original judgment is not a final 'judgment' under Rule 54 until the post-judgment motion is resolved"). Accordingly, contrary to Class Counsel's view, the operative judgment did not become final until August 6, 2025, 60 days after June 6, 2025, the date on which the Court entered judgment awarding the Non-Dispute Subclasses prejudgment interest as requested in Objectors' RCFC 59(e) Motion. Objectors filed their motion for leave concurrently with their Motion for Attorneys' Fees on September 4, 2025. *See* ECF Nos. 265, 265-1. Because Objectors' fee request was filed within RCFC 59(d)(2)(B)'s 30-day timeframe, it is timely.

17

**D.    Class Counsel's Remaining Arguments Do Not Warrant Denial of Objectors' Motion for Leave.**

Class Counsel posits a number of other grounds for opposing Objectors' motion for leave, none of which justify precluding Objectors' request for fees. First, Class Counsel argues that Objectors should be barred from requesting attorneys' fees at this time because "entitlement to a common fund fee" necessarily requires that "a common fund subject to the court's supervision" exists. ECF No. 266 at 18. At the request of Class Counsel, the Court directed the disbursement of 95 percent of the common fund (the amount recovered by the Non-Dispute Subclasses from the Government less the five-percent fee Class Counsel intended to seek) following entry of the original July 20, 2020 judgment. *See* Order, ECF No. 98. On remand, the Court ordered two disbursements, the first at Objectors' request after Class Counsel returned the difference between the original fee award and remand fee award (2.5 percent of the common fund) and the second after the Court awarded prejudgment interest. Order at 2, ECF No. 237; Order at 24–25, ECF No. 253. Thus, presently no funds are being held by the Claims Administrator for the benefit of the Non-Dispute Subclasses. The same was true, however, when the Court ruled on Class Counsel's renewed motion for attorneys' fees on remand and Objectors' motion to alter the fee award judgment on remand to include prejudgment interest. A similar scenario likewise did not preclude the court in *Optical Disk Drive* from awarding fees to the objector directly from the amounts previously awarded to and collected by class counsel. *See Optical Disk Drive*, 2021 WL 4124159, at *3 n.6 (instructing that "Counsel are expected to cooperate in ensuring the funds are transferred within a reasonable time, not to exceed thirty days").

Next, Class Counsel argues that Objectors cannot bypass the class notice procedures provided in RCFC 23(h), thereby depriving the subclass members of the opportunity to object to Objectors' fee request, because "***Class Counsel*** is entitled to argue that the most equitable result

18

(if Objectors are due any fees) would be to award any fees from the common fund, *i.e.*, from the rest of the Non-Dispute Subclass." ECF No. 266 at 17 (emphasis in original); *see id.* at 18 (citing RCFC 23(h)(2), which states, "[a] class member, or party from whom payment is sought, may object to the motion").

As Objectors correctly observe, "Objectors control their motion and from whom they seek relief." ECF No. 268 at 14. The Court takes Objectors at their word: they seek fees *only* from Class Counsel's prior fee award—not from the common fund distributed to the Non-Dispute Subclasses. Class Counsel is free to argue in opposition to Objectors' fee request that any fee awarded should be borne by the Non-Dispute Subclass members. If the Court agrees, the result will be a denial of Objectors' request, not an order directing payment from the subclasses (as that is not what the motion requests). Because Objectors do not seek, and the Court will not order, payment from the Non-Dispute Subclasses, there is no need for class notice. Class Counsel is the "party from whom payment is sought," RCFC 23(h)(2), and Class Counsel will have an opportunity to object to Objectors' attorneys' fee request.

Finally, Class Counsel contends that Objectors waived their right to fees by not including their request in prior briefing that raised unjust enrichment arguments. ECF No. 266 at 19–20. The prior briefing pertained to Objectors' post-remand request for an accounting and sequestration of the funds originally awarded to Class Counsel under the vacated fee award and Objectors' post-judgment request to alter the remand fee award to include prejudgment interest. As the Court recognized, when a judgment is reduced on remand, "the disadvantaged party [has] a claim in restitution as necessary to avoid unjust enrichment[,] . . . includ[ing] not only the property (or its value) for which the person is liable to make restitution but also any supplemental enrichment in the form of interest . . . to the extent that such further enrichment is either realized in fact or

appropriately presumed." Order at 7–8, ECF No. 253 (internal quotations and citations omitted); *see also* ECF No. 210 at 13. It is true that the justification for awarding attorneys' fees from a common fund is also based on principles of unjust enrichment, but the focus is on the unjust enrichment of class members who received the benefit of counsel's work without paying for it. *See Boeing*, 444 at 478. That the prior briefing on remand addressed the issue of unjust enrichment in the former context (*i.e.*, restitution and prejudgment interest) does not mean that it had to address the issue in the latter context, too. Whether Objectors should recover for fees and, if so, how much is separate from the question of what amount of attorneys' fees Class Counsel should receive from the common fund. The Court is not convinced that waiver is applicable in such circumstance, especially where RCFC 54(d)(2) provided the timing of Objectors' request after final judgment.

That being said, the Court rejects Objectors' contention that their fee request could not have been filed at any earlier time. *See* ECF No. 268 at 11. As of the date of the Court's judgment on remand, Objectors knew that the end result of their objections and appeal reduced Class Counsel's fee award by half, thereby increasing the common fund by a corresponding amount. Although Objectors sought to further increase the benefit to the Non-Dispute Subclasses by seeking prejudgment interest, any success that Objectors achieved through such an award would be just that: additional benefit. The Court was perfectly able to consider the measure of the total benefit Objectors conferred on the subclasses at the same time it was considering the merits of their underlying objections or additional request for relief. *See Lonardo*, 706 F. Supp. 2d at 810.

Objectors also knew, at the time they filed their Rule 59(e) Motion, the total amount of attorneys' fees they had incurred to date in pursuing their objections, appeal, and prejudgment-interest request. Even if they had incurred additional fees after the briefing of the Rule 59(e) Motion was complete, that would be no reason to wholly delay their request. RCFC 54(d)(2), like

FRCP 54(d)(2), does not require that a fee request be initially supported with all evidentiary material supporting fees. *See* Fed. R. Civ. P. 54, Notes of Advisory Committee on Rules—1993 Amendment. "What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for and the amount of such fees . . . ." *Id.* Sufficient notice here would have been appropriate and could have influenced the Court's consideration of Objectors' request to direct the immediate distribution of the funds returned by Class Counsel to the Non-Dispute Subclasses, notwithstanding the pending Rule 59(e) Motion. At the very least, it would have avoided *further* piecemeal litigation in these remand proceedings.

In short, the Court tends to agree that Objectors' fee request is late breaking given the procedural history of this case. However, for the reasons already discussed, what Objectors *could have* or *should have* done to conserve the Court's and the parties' resources and bring this long-running fee dispute to an efficient end does not *preclude* their fee request at this time.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Objectors' Motion for Leave to File Motion for Attorneys' Fees from Class Counsel (*Health Republic* ECF No. 265; *Common Ground* ECF No. 283). Objectors shall file their Motion for Attorneys' Fees as a separate docket entry by no later than **March 5, 2026**. The Court **ORDERS** Class Counsel to file a response to Objectors' Motion for Attorneys' Fees by **March 19, 2026**. Objectors' reply is due by **March 26, 2026**.

**SO ORDERED**.

Dated: March 3, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge