**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| COMMON GROUND HEALTHCARE COOPERATIVE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 17-cv-877C<br><br>Filed: August 7, 2026 |

**ORDER**

On July 2, 2026, Class Counsel filed its Motion for Approval of Attorney's Fees for the SelectHealth Idaho and Aspirus Cost Sharing Reduction ("CSR") Subclasses (ECF No. 322). Class Counsel requests that the Court approve an award of five percent in attorney's fees from the SelectHealth Idaho and Aspirus CSR Dispute Subclasses' Settlement, or approximately $1,150,000. ECF No. 322 at 2; ECF No. 322-1 at 5. SelectHealth Idaho and Aspirus do not object to Class Counsel's request. ECF No. 322 at 2.

Class Counsel represents that, using the same lodestar and same hourly rates as the previous motion for attorney's fees from the CSR Claims Settlement, *see* ECF No. 290 at 27, the implied multiplier is .16 applied to just the SelectHealth Idaho and Aspirus CSR Dispute Subclasses' Settlement. *See* Decl. of Adam B. Wolfson ¶ 12, ECF No. 322-1. Even looking collectively at the fees requested from the SelectHealth Idaho and Aspirus CSR Dispute Subclasses' Settlement and the fees awarded from the CSR Claims Settlement, the implied multiplier is 3.74. *Id.* Under either scenario, the implied multiplier is within the range of one to four that the Federal Circuit considers the "norm of implicit multipliers." *Health Republic Ins. Co. v. United States*, 58 F.4th 1365, 1375 (Fed. Cir. 2023). A multiplier of 3.74 is also similar to the multiplier of 3.58 for the CSR Claims

Settlement fee award, which the Court previously found to be reasonable in light of "'multipliers used in comparable cases.'" ECF No. 317 at 23 (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 307 & n.17 (3d Cir. 2005)).

For the reasons explained in the Court's Opinion and Order (ECF No. 317) regarding Class Counsel's five percent fee award from the CSR Claims Settlement, the Court finds Class Counsel's instant request reasonable and **GRANTS** the Motion (ECF No. 322). Having determined pursuant to RCFC 54(b) that there is no just reason for delay, the Court **DIRECTS** the Clerk to enter judgment in the amount of $1,150,145.25 to be paid to Class Counsel from the settlement fund.

**SO ORDERED**.

Dated: August 7, 2026

*<u>/s/ Kathryn C. Davis</u>*
KATHRYN C. DAVIS
Judge